AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means    ☑ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Western District of Pennsylvania

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>124 EARL STREET, PITTSBURGH, PA 15204 | )<br>)<br>)  Case No.  Magistrate No. 20-2426<br>)<br>)  **[UNDER SEAL]**<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the   Western   District of   Pennsylvania
*(identify the person or describe the property to be searched and give its location)*:

Search Location 3  Please see Attachment A-3, incorporated herein.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B, incorporated herein.

**YOU ARE COMMANDED** to execute this warrant on or before   December 17, 2020   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Duty Magistrate Judge  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   12/04/2020 12:30 pm                    _____
*Judge's signature*

City and state:   Pittsburgh, Pennsylvania              Honorable Lisa Pupo Lenihan, U.S. Magistrate Judge
*Printed name and title*

| Return |||
|---|---|---|
| Case No.:<br>  Magistrate No. 20-2426 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

| Certification |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date: _____           _____<br>                                                                                                    *Executing officer's signature*<br><br>                                                                                      _____<br>                                                                                                           *Printed name and title* |

**Attachment A-3**

**THE RESIDENCE, CURTILAGE, ANY DETACHED STRUCTURES AND OUTBUILDINGS AS WELL AS ANY VEHICLES LOCATED ADJACENT TO OR THEREON AT 124 Earl Street, Pittsburgh, PA 15204** (SEARCH LOCATION 3), which is described as a row style home with white/gray siding, white-trimmed windows and a white awning covering a white storm door.



## ATTACHMENT B

## <u>LIST OF ITEMS TO BE SEARCHED FOR AND SEIZED</u>

For the location(s) listed on the search warrant(s), including *where indicated in Attachment A to the search warrant* the residence, curtilage, garages, any detached structures and/or outbuildings, as well as any vehicles located adjacent to or thereon, this search warrant authorizes law enforcement to search for and seize evidence of violations of federal felony offenses enumerated in Title 21, United States Code, Sections 841(a)(1) (distributing and/or possessing with intent to distribute a controlled substances); 846 (conspiring to commit a drug trafficking crime); and Title 18, United States Code, Sections 922(g)(1) (felon in possession of firearms/ammunition), 924(c) (possession of a firearm in furtherance of a drug trafficking crime), (hereinafter the "TARGET OFFENSES"), including, but not limited to the following:

1. controlled substances, including but not limited to heroin, cocaine, methamphetamine, and marijuana;

2. paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances, including but not limited to scales, funnels, sifters, grinders, glass panes and mirrors, razor blades, plastic bags, "stamp bags", microwave ovens, heat-sealing devices, and diluents such as mannitol, mannite, and inositol;

3. books, records, receipts, notes, ledgers, letters, and other papers relating to the distribution of controlled substances, travel for the purpose of acquiring and/or distributing controlled substances, and monetary transactions involving the proceeds from the sale of controlled substances;

4. personal books, papers, cell phones, and other electronic devices reflecting names, addresses, telephone numbers, and other contact or identification data relating to the TARGET OFFENSES;

5. cash, currency, safes, gambling machines, and records relating to the generation of income from the sale of controlled substances or other illegal sales and the expenditure of such income, including money orders, wire transfers, cashier's checks and receipts, bank statements, passbooks, checkbooks, checks, safe deposit box keys;

6. registers, as well as consumer items such as electronic equipment, vehicles, jewelry, and precious metals such as gold and silver, and precious gems such as

      diamonds;

7. documents and other records indicating travel in interstate and foreign commerce, such as maps, GPS coordinates, navigation coordinates, travel itineraries, plane tickets, boarding passes, motel and hotel receipts, passports and visas, credit card receipts, and telephone bills and related communications;

8. computers, cellular telephones, electronic tablet devices, and other electronic media utilized for communication, transportation, and data acquisition and retention purposes related to acquiring and distributing illegal drugs and proceeds, and/or laundering the proceeds therefore, including incoming and outgoing call and text message logs, contact lists, photo and video galleries, sent and received text messages, online searches and sites viewed via the internet, online or electronic communications sent and received (including email, chat, and instant messages), sent and received audio files, navigation, mapping, and GPS files, telephone settings (including contact lists), and related identifying information such as telephone identification numbers, call forwarding information, messages drafted but not sent, and voice messages;

9. security cameras and/or surveillance systems;

10. items bearing the Pagan's Motorcycle Club insignia;

11. firearms, dangerous weapons and/or explosives; and,

12. identification evidence and/or indicia, such as cell phones with particular numbers, mail, deeds, leases, rental agreements, photographs, bills, and identification documents, that tend to identify the person(s) in the residence, occupancy, control, or ownership of the subject premises and/or subject communication devices.

For any computer, laptops, cell phones, tablets, gambling machines, or storage medium, whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

1. Any and all evidence related to the TARGET OFFENSES, including correspondence and/or communications,

2. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

3. evidence of software that would allow others to control the COMPUTER, such as

2

viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

4. evidence of the lack of such malicious software;

5. evidence indicating how and when the COMPUTER was accessed or used to determine the chronological context of COMPUTER access, use, and events relating to crime under investigation and to the COMPUTER user;

6. evidence indicating the COMPUTER user's state of mind as it relates to the TARGET OFFENSES;

7. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

8. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

9. evidence of the times the COMPUTER was used;

10. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

11. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

12. records of or information about Internet Protocol addresses used by the COMPUTER;

13. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

14. contextual information from the COMPUTER necessary to understand the evidence described in this attachment.

In searching the COMPUTER, the federal agents may examine all of the data contained in the COMPUTER to view its precise contents and determine whether the COMPUTER and/or data falls within the items to be seized as set forth above. In addition, they may search for and attempt to recover "deleted," "hidden" or encrypted data to determine whether the data falls within the list of items to be seized as set forth above.

For those COMPUTERS found within a search location where multiple individuals, in addition to the target of this investigation are located, federal agents will make reasonable efforts to ascertain whether the COMPUTER is used by or belongs to a target of the investigation to facilitate the commission of the TARGET OFFENSES. To the extent it becomes readily apparent that the COMPUTER was unlikely used in conjunction with or to facilitate in any way the commission of the TARGET OFFENSES, federal agents will not seize or search the COMPUTER beyond that which is necessary to ascertain the nature of its involvement in the TARGET OFFENSES.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, gambling machines, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.